UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

Plaintiff,

v.                                              CAUSE NO. 3:18-CV-900-DRL-MGG

KENNETH P. COTTER *et al.*,

Defendants.

<u>OPINION AND ORDER</u>

Kevin L. Martin, a prisoner without a lawyer, filed a complaint against three attorneys associated with his state criminal case. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Prosecuting Attorney Kenneth P. Cotter is alleged to have violated Mr. Martin's rights by withholding exculpatory evidence during his state criminal case and failing to turn over requested discovery materials during subsequent post-conviction relief proceedings. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.") (quotation marks and citation omitted). Therefore, the monetary damages claim against the prosecutor must be dismissed because he is immune from suit.

Mr. Martin also sues his criminal defense attorney, Arvil R. Howe, and his appellate counsel, Charles W. Lahey, alleging that they ignored the Rules of Professional Conduct regarding the exchange of discovery materials and have failed to provide him with that material post-representation. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Mr. Martin cannot proceed against Attorney Howe or Attorney Lahey for monetary damages because these allegations do not state a claim for which relief can be granted.

In addition to money damages, Mr. Martin seeks injunctive relief asking this court to order the Defendants to turn over his criminal case files. However, a federal civil rights action is not the proper vehicle for obtaining such relief. Mr. Martin is seeking exculpatory evidence and "*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore, the injunctive relief claim is frivolous because *Brady* evidence cannot be obtained in a civil rights lawsuit.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420,

432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

November 15, 2019                        *s/ Damon R. Leichty*
                                         Judge, United States District Court