UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

    Plaintiff,

v.                                        CAUSE NO. 3:18-CV-900 DRL-MGG

KENNETH P. COTTER *et al.*,

    Defendants.

## OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, filed a motion to alter or amend judgment. Because it was ostensibly signed and then submitted within 28 days of dismissal,[1] the court construes it as a motion to alter the judgment under Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Here, Mr. Martin has presented no newly discovered evidence or demonstrated a manifest error of fact or law. In his complaint, Mr. Martin alleged that Prosecuting

---

[1] The dismissal order was entered on November 15, 2019 (ECF 14), and the judgment was entered on November 18, 2019 (ECF 15). The motion to alter or amend judgment was not docketed until May 12, 2020 (ECF 16). However, Mr. Martin states that he electronically filed the document with the court on November 25, 2019, using the CM/ECF system at the Westville Correctional Facility. ECF 11 at 11; *see also* ECF 16-1 (notice to the court stating that he placed the motion in Caseworker White's hand on November 25, 2019, to be e-filed). Although Mr. Martin provides no plausible explanation for the almost five-and-a-half-month delay in processing, in the interests of justice, the court will give Mr. Martin the benefit of the prison mailbox rule and evaluate his motion under the Rule 59 standards. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

Attorney Kenneth P. Cotter violated his rights by withholding exculpatory evidence during his state criminal case and by failing to turn over requested discovery materials during subsequent postconviction relief proceedings. He also alleged that his criminal defense attorney, Arvil R. Howe, and his appellate counsel, Charles W. Lahey, ignored the professional rules of conduct regarding the exchange of discovery materials and failed to provide him with those materials. The court dismissed the monetary damages claims against Mr. Cotter because he is immune from suit and those against Mr. Howe and Mr. Lahey because their actions as public defenders could not be fairly attributed to the state. *See* ECF 14 at 1–2. Mr. Martin also sought injunctive relief asking this court to order the defendants to turn over the exculpatory evidence contained in his criminal case files. These claims were dismissed as frivolous because *Brady* materials cannot be obtained in a civil rights lawsuit. *See id*. at 2.

Mr. Martin now argues that the dismissal was improper because Mr. Cotter, Mr. Howe, and Mr. Lahey restricted his "access to the court to develop his constitutional violation." ECF 16 at 4. He believes that because he was unable to obtain the allegedly exculpatory evidence "that was favorable on impeaching the affidavit for search warrant and test result from the bullet that got test[ed]," his First and Fourteenth Amendment rights were violated. *Id*. at 5. Mr. Martin alleges that he has a valid "*Brady* prosecutorial misconduct claim." *Id*. at 6.

Nothing in Mr. Martin's current motion changes the outcome of this case. Mr. Cotter is still immune from monetary damages, and Mr. Howe and Mr. Lahey have not been plausibly alleged to be state actors. As far as Mr. Martin's alleged *Brady* claim and

request for injunctive relief is concerned, he may not bring such claims in a civil rights action. Mr. Martin repeatedly asserts that he is seeking exculpatory evidence that was allegedly withheld by Mr. Cotter and his own defense attorneys. However, as noted in this court's previous order, "*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983." *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). The court in *Skinner* analyzed the difference between evidence like post-trial DNA testing—which can be sought in a civil rights action—and alleged *Brady* materials which cannot. *Id*. "Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Id*. at 536–37 (citing *Heck v. Humphrey*, 512 U.S. 477, 490 (1994) (a claim that prosecutors and an investigator had destroyed evidence that was "exculpatory in nature" could not be brought pursuant to § 1983) and *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding that a prisoner's claim that he was denied "meaningful access to the courts" by the withholding of exculpatory evidence was not valid under § 1983 because it "sounds under *Brady v. Maryland*" and "does indeed call into question the validity of his conviction")). Mr. Martin cites to *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) to support his position, but that case involved a challenge to the denial of a habeas corpus petition—it was not initiated as a

civil rights claim. Therefore, Mr. Martin's complaint was properly dismissed, and there is no basis to grant relief pursuant to Rule 59.[2]

For these reasons, the motion to alter or amend judgment (ECF 16) is DENIED, and this case REMAINS CLOSED.

SO ORDERED.

February 3, 2021              *s/ Damon R. Leichty*
                              Judge, United States District Court

---

[2] To the extent Mr. Martin seeks to amend his compliant, a complaint cannot be amended unless the judgment is vacated. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). ("If the plaintiff wants to amend his complaint following the entry of judgment, however, he may do so only after a motion under Rule 59(e) or 60(b) has been granted."). Here, reopening the case to allow Mr. Martin to amend his compliant would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

4